UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLEN ASHER-BUTLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-01253-JPH-TAB |
| | ) |
| EDWARDS (Warden) Dept. of Corrections, | ) |
| | ) |
| Respondent. | ) |

**ENTRY GRANTING MOTION TO DISMISS, DIRECTING ENTRY OF FINAL JUDGMENT, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Allen Asher-Butler's petition for writ of habeas corpus challenges his parole revocation. Dkt. 1. The respondent filed a motion to dismiss which argued that the petition should be dismissed as unexhausted, for procedural default, and because the petition did not state a cognizable claim. Dkt. 10. For the following reasons, the respondent's motion to dismiss, dkt. [9], is **GRANTED**, Mr. Asher-Butler's habeas petition is dismissed without prejudice, and a certificate of appealability shall not issue.

## I.   Background

On December 14, 2021, Mr. Asher-Butler was convicted of possession of methamphetamine and possession of paraphernalia and sentenced to 1,440 days to serve within the Indiana Department of Corrections ("IDOC"). Dkt. 9-1 at 5-6. Mr. Asher-Butler's current maximum release date ("MRD") is January 16, 2026. Dkt. 1 at 5.

On March 14, 2022, Mr. Asher-Butler filed a notice of appeal challenging his underlying conviction with the Indiana Court of Appeals. Dkt. 9-1 at 7. This

1

appeal was then dismissed for failure to comply with the Indiana Rules of Appellate Procedure. Dkt. 9-3. On February 9, 2023, Mr. Asher-Butler was released, but after violating the conditions of his parole, he was returned to IDOC custody on October 24, 2023. Dkt. 1 at 5; dkt. 9-1 at 9.

On June 12, 2024, Mr. Asher-Butler filed a "motion to modify and/or vacate remainder of sentence" in this action, arguing that the IDOC miscalculated his MRD and that he should be released five months before his calculated earliest possible release date. Dkt. 9-4. He then filed a "petition for jail time credit" in state court and made the same arguments. Dkt. 9-5. The state court dismissed these filings, and Mr. Asher-Butler did not appeal. Dkts. 9-1, 9-6.[1]

On July 24, 2024, Mr. Asher Butler filed his petition for habeas corpus and brought one ground for relief: that IDOC miscalculated his MRD as January 16, 2026, rather than February 26, 2025. Dkt. 1 at 3, 5-7, 10. He alleges he is being held improperly and requests that he be immediately released. *Id.*

## II.     Discussion

To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims

---

[1] The Court takes judicial notice of Cause No. 16D01-2108-F6-000834 in which Mr. Asher-Butler's 'motion to modify and/or vacate remainder of sentence' was dismissed on January 9, 2025. MyCase Chronological Case Summary (hereinafter "CCS") for Cause No 16D01-2108-F6-000834, available at https://public.courts.in.gov/mycase (last visited August 25, 2025).

2

throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (cleaned up); *see* 28 U.S.C. § 2254(b)(1)(A). The respondent argues that Mr. Asher-Butler has failed to submit any of his claims in any state post-conviction proceedings or any other collateral review. Dkt. 10 at 7.  Further, Mr. Asher-Butler has offered no evidence that he has completed or attempted to complete at least one round of state-court review. Finally, Mr. Asher-Butler has not shown good cause for failing to exhaust his state court remedies. Because of this defect, his claims are unexhausted. However, Mr. Asher-Butler's claims are procedurally defaulted as well.

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

There are two primary ways to procedurally default a claim. First, a petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*,

3

745 F.3d 258, 268 (7th Cir. 2014). In Indiana, this means presenting the claims to both the Indiana Court of Appeals and the Indiana Supreme Court. *Hinesley v. Knight*, 837 F.3d 721, 735 (7th Cir. 2016) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

The second primary way to procedurally default is by "fail[ing] to meet the State's procedural requirements for presenting . . . federal claims." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). The independent-and-adequate-state-ground doctrine bars a federal court from reviewing "federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Id.* (citing *Beard v. Kindler,* 558 U.S. 53, 55 (2009)).

Mr. Asher-Butler failed to exhaust his state court remedies when he filed his habeas corpus petition prior to the state trial court ruling on his "motion to modify and/or vacate remainder of sentence" and subsequently appealing. Additionally, Mr. Asher-Butler failed to fairly present his claims to an Indiana state court when he did not alert the state court to any federal theory or argument that would permit resolving the issue on federal grounds. Dkt. 9-4. For these reasons, Mr. Asher-Butler's petition is **dismissed without prejudice**.

4

### III.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that no reasonable jurist would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

### IV.  Conclusion

For these reasons, the respondent's motion to dismiss, dkt. [9], is **granted**. Mr. Asher-Butler's petition is **dismissed without prejudice**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 9/3/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALLEN ASHER-BUTLER
108859
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

5